UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority  ____
Send      ____
Enter     ____
Closed    ____
JS-5/JS-6 ____
Scan Only ____

| | |
|---|---|
| **CASE NO.:** 5:18-CV-02613-SJO-KK | **DATE:** February 6, 2019 |
| **TITLE:** Lynn C. Foulkrod et al. v. Ford Motor Company et al. | |

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Victor Paul Cruz | Not Present |
| Courtroom Clerk | Court Reporter |

| **COUNSEL PRESENT FOR PLAINTIFFS:** | **COUNSEL PRESENT FOR DEFENDANTS:** |
|---|---|
| Not Present | Not Present |

========================================================================

**PROCEEDINGS (in chambers): ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE TO RIVERSIDE COUNTY SUPERIOR COURT** [Docket No. 12]

This matter is before the Court on Plaintiffs Lynn C. Foulkrod and Angelique R. Foulkrod's ("Plaintiffs") Motion to Remand ("Motion"), filed on January 11, 2019. (ECF No. 12.) Defendants Ford Motor Company ("Ford") and Jack Gosch Ford, Inc., d/b/a/ Gosch Ford Hemet ("Gosch") (collectively "Defendants") filed an Opposition to the Motion to Remand ("Opposition") on January 18, 2019, to which Plaintiffs replied on January 28, 2019 ("Reply"). (ECF No. 14; ECF No. 17.) The Court finds this matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **DENIES** Plaintiffs' Motion to remand this case to Riverside County Superior Court.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, citizens of California, filed their original Complaint ("Complaint") on November 14, 2018 in the Superior Court of California in Riverside County against Defendant Ford and Defendant Gosch. (*See generally* Compl., ECF No. 1-1.)[1] Plaintiffs assert three claims against Ford for (1) breach of express warranty under the Song-Beverly Act; (2) breach of implied warranty under the Song-Beverly Act; and (3) violation of the Song-Beverly Act Section 1793.2. (*See generally* FAC.) Plaintiffs additionally assert one claim for negligent repair against the local dealership, Gosch. (*See generally* FAC.) Plaintiffs' claims against Ford arise out of their allegation that they purchased a used 2007 Ford Super Duty F-250 on or around May 18, 2010, and subsequently experienced a number of problems with the vehicle, including serious engine problems in violation

---

[1] Plaintiffs thereafter filed their First Amended Complaint ("FAC") on January 14, 2019. For the purposes of this ruling, this Court hereafter looks to the FAC as the sole complaint as it is well established that an amended complaint supersedes the original, and the latter is treated thereafter as non-existent. *See Ramirez v. County of San Bernardino*, 806 F.3d. 1002 (9th Cir. 2015); *see also Valdez-Lopez v. Chertoff,* 656 F.3d 851 (9th Cir. 2011).

of express and implied warranty obligations owed to Plaintiffs by Defendants (*See generally* FAC.) Plaintiffs' claim against Gosch arises out of their allegation that between November 2012 and December 2017, they took the subject vehicle to Gosch several times for various repairs, during which Gosch breached its duties to Plaintiffs, proximately causing Plaintiffs' damages. (FAC ¶¶ 64-69; 111-15.)

Defendants removed this action from Riverside County Superior Court to the Central District of California on December 17, 2018 on the basis of diversity jurisdiction ("Removal"). (*See generally* Removal, ECF No. 1.) In so doing, Defendants do not dispute that Plaintiffs are citizens of California, that Ford is a Delaware Corporation with its principal place of business in Michigan, and that Gosch is a California Corporation. (Removal ¶¶ 5-14.) However, Defendants do contend that Plaintiffs fraudulently joined Gosch as a defendant to destroy diversity jurisdiction, and as such, that this Court should disregard Gosch's citizenship for purposes of determining its jurisdiction. (Removal ¶ 8.)

In the instant Motion, Plaintiffs contend that Defendant Gosch is not fraudulently joined and therefore, that Defendants have failed to establish that this Court has jurisdiction. Plaintiffs argue that this Court should remand this matter to Riverside County Superior Court and award Plaintiffs their costs and expenses. (*See generally* Mot.)

II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Hence, removal jurisdiction is proper only where the federal court has federal question jurisdiction or diversity jurisdiction. *Id.* In determining whether removal is proper, the Court is informed by two basic principles. First, "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Second, statutes authorizing removal are to be strictly construed, with all doubts resolved against removal and in favor of remand. *Id.* This presumption is consistent with the notion that federal courts possess "the independent obligations to preserve the judicial integrity of the federal court and to jealously guard federal jurisdiction." *In re Foreclosure Cases*, No. 07-CV-2950, 2007 WL 3232430, at *3 (N.D. Ohio Oct. 31, 2007).

Diversity jurisdiction allows a district court to hear a civil case where the parties are "diverse" in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1)(2) (2006). The burden of persuasion for establishing diversity jurisdiction rests on the party asserting it and must be supported by competent proof. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1194-95 (2010). The party asserting diversity jurisdiction must establish "complete" diversity, meaning that no plaintiff may be from the same state as any defendant. *Owen Equip. & Erection Co. v. Kroger*,

437 U.S. 365, 373 (1978).  A corporation is considered to be a citizen of both the state in which it is incorporated and the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(2006).

III.   DISCUSSION

As the amount of controversy is not in dispute, the Court begins by addressing the issue of whether complete diversity of citizenship exists. The Court then addresses Plaintiffs' motion for costs and expenses.

   A.   Complete Diversity of Parties Exists Because Defendant Gosch Is Fraudulently Joined.

When determining its jurisdiction, a federal court may disregard a non-diverse party named in a state court action if the court concludes that the non-diverse party's joinder is "fraudulent," meaning that no possible cause of action can be stated against that party.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Fraudulent joinder is a term of art." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  *Id.*  On the other hand, "[a] claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant."  *Tanoh v. AMVAC Chem. Corp.*, No. 06-CV-0738, 2008 U.S. Dist. LEXIS 102958, at *8 (C.D. Cal. Oct. 21, 2008), *aff'd sub nom. Tanoh v. Dow Chem. Co.,* 561 F.3d 945, 957 (9th Cir. 2009).

A defendant claiming that a plaintiff fraudulently joined a non-diverse party faces a "heavy burden of demonstrating that there is no possibility that [p]laintiffs will be able to prevail on the merits of their claims in state court." *Aaron v. Merck & Co.*, No. 05-CV-4073, 2005 WL 5792361, at *2 (C.D. Cal. July 26, 2005).  To meet this burden, a defendant must show: (1) that the plaintiff has failed to state a cause of action against the non-diverse defendant; and (2) the failure is obvious under settled state law.  *Morris*, 236 F.3d at 1067.  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Tanoh*, 2008 U.S. Dist. LEXIS 102958, at *8-9 (internal quotation marks omitted).  "If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants[,] the court must remand."  *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002).

Here, Defendants argue that complete diversity exists because the joinder of Gosch is fraudulent. According to Defendants, Plaintiff's sole claim of negligent repair against the dealership is barred by the "economic loss rule [which] precludes tort claims for purely economic damages."  (Opp'n at 2.)  Defendants further argue that as Plaintiffs' sole claim against Gosch is barred, Gosch's

CASE NO.:   5:18-CV-02613-SJO-KK                DATE:   February 6, 2019

citizenship should not be considered for purposes of diversity jurisdiction, and Plaintiff's Motion should be denied.  (Opp'n at 7.)

Plaintiffs conversely maintain that Defendants failed to establish complete diversity because although Ford is a Delaware Corporation, Gosch is a California Corporation and Plaintiffs are citizens of California.  (Mot. at 3.)  As for Defendants' argument of fraudulent joinder, Plaintiffs clarify that Gosch was included in this action after failing to act "in accordance with relevant industry standards, causing damage to Plaintiffs" when Plaintiffs went to Gosch to have their subject vehicle repaired on several occasions. (Mot. at 6.) Plaintiffs claim that this breach of duty, coupled with the fact that Plaintiffs' allegations stem from the performance of services provided by Gosch, not the mere purchase of the subject vehicle, places the instant case falls under an exception to the economic loss rule.  (Reply at 3.)

The Court concludes that while Plaintiffs' arguments have some legal basis, Plaintiffs' FAC fails to plead sufficient facts to show that they fall into an exception to the "economic loss' doctrine.  As such, the Court agrees with the Defendants and holds that Defendant Gosch is fraudulently joined.

        a.    <u>Plaintiffs' Sole Claim Against Gosch Is Barred by the Economic Loss Rule</u>

In California,[2] the economic loss rule ordinarily precludes a plaintiff from recovering any tort damages in negligence claims arising out of commercial agreements unless the damages include either personal injury and/or some other property damage other than to the defective property itself.  *See Seely v. White Motor Co.,* 63 Cal. 2d 9, 18 (1965); *see also Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (Cal. 2004).  California courts have recognized the increasingly blurred line between contract and tort law and have upheld the economic loss rule to "prevent the law of contract and the law of tort from dissolving one into the other."  *Robinson Helicopter*, 34 Cal. at 988; *see also Erlich v. Menezes*, 21 Cal. 4th 543, 551 (Cal. 1999).

It is possible, however, for "the same wrongful act [to] constitute both a breach of contract and an invasion of an interest protected by the law of torts."  *N. Am. Chem. Co. v. Superior Court*, 59 Cal. App. 4th 764, 774 (1997).  In such cases where a breach of contract "also violates a duty independent of the contract arising from principles of tort law," an exception to the general economic loss rule exists which allows a plaintiff to recover in both contract and tort.  *Erlich*, 21 Cal. 4th at 551.  Under this exception, a contract breach is "never a tort, unless that omission is also an omission of a legal duty."  *Id.*  Various courts have ruled that the applicability of this

---

[2] The Court applies California law per the Erie Doctrine, which provides that a federal court in diversity jurisdiction should apply state substantive law.  *See Erie Railroad Co. V. Tompkins*, 304 U.S. 64 (1938).

exception may differ between cases involving the quality and condition of goods and those involving the negligent performance of services.  See N. Am. Chem. Co., supra; See also Sacramento Regional Transit Dist. v. Grumman Flxible, 158 Cal. App. 3d 289, 299-300 (1984); Livermore Amador Valley Wastewater Mgmt. Agency v. Nw. Pipe & Casing Co., 915 F. Supp. 1066, 1072-74 (N.D. Cal. 1995); J'Aire Corp. v. Gregory, 24 Cal. 3d 799, 804 (1979).  For cases involving the latter, several courts have ruled that where risk of harm is foreseeable, injury to a plaintiff's economic interests should not go uncompensated merely because it was unaccompanied by an injury to his personal property.  J'Aire Corp., 24 Cal. at 807; see also N. Am. Chem. Co., 59 Cal. App. at 770.

Here, Plaintiffs contend that their claim against Gosch is not barred because it falls under an exception to the economic loss rule as it deals with the negligent performance of services as opposed to the mere sale of goods, the latter of which would be barred.  (Reply at 3.)  Plaintiffs additionally point to certain paragraphs in their complaint that they contend "sets out all of the requisite elements of a claim for negligent repair." (Mot. at 5.) However, such "labels, conclusions and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Plaintiffs' conclusory statements simply do not suffice to make a clear showing of their claim against Gosch.  Plaintiffs' FAC does not allege sufficient facts to allege any injuries or damages to themselves or their property, other than the subject vehicle itself, as required by California law to survive the economic loss rule.  Nor do Plaintiffs allege sufficient facts to place the instant case within the ambit of an exception to the economic loss rule, e.g. that the harm to Plaintiffs was foreseeable.  Plaintiffs do indeed attempt to do so by distinguishing their negligent repair claim as a performance of services as opposed to a sale of goods, but in order to survive the economic loss rule, Plaintiffs need to plead not only sufficient facts to show that Gosch failed to "properly store, prepare and repair [] the Subject Vehicle,"  (FAC ¶ 114), but also sufficient facts to make a colorable showing as to how the facts of their case place them under a clear exception to the rule.  Given that Plaintiffs have failed to do both, their sole claim against Gosch is barred by the economic loss rule.

The burden to prove fraudulent joinder is high, but Defendants have shown that under clear California law, Plaintiffs have failed to state a cause of action against the non-diverse defendant, Gosch.  Given the foregoing, the Court finds that Gosch is fraudulently joined.

///
///
///
///
///
///
///
///
///

       B.     <u>Because Remand is Denied, Plaintiffs Are Not Entitled to Costs and Expenses</u>

Because Plaintiff's Motion to Remand is denied, Plaintiffs are not entitled to attorney's fees and costs associated with the instant Motion.

III.     <u>CONCLUSION</u>

For the foregoing reasons, removal is proper; the Court **DENIES** Plaintiffs' Motion to Remand the instant action to the Superior Court of the State of California, County of Riverside.